IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 13-252 |
| ) | |
| LAMAR MILES, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

## I.     INTRODUCTION

Pending before the court is the Motion to Terminate Supervised Release filed by defendant Lamar Miles ("defendant" or "Miles") (ECF No. 1483), to which the government filed a response in opposition. (ECF No. 1487).  The motion is ripe for decision.

On July 17, 2015, Miles pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 500 grams or more of methamphetamine, and 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846. He was sentenced on January 5, 2017 to 48 months of imprisonment to be followed by 5 years of supervised release.  At the time defendant filed his present motion, he served over three years of his term of supervised release.

## II.    STANDARD

Supervised release "serves an entirely different purpose that the sentence imposed under § 3553(a)," Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011).  It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).  The court's determination whether early termination of

1

supervised release is "warranted by the conduct of the defendant released and the interest of justice," § 3583(e)(1), is a discretionary decision. United States v. Bayard, 537 F. App'x 41, 42 (3d Cir. 2013).

Pursuant to the governing statute, 18 U.S.C. § 3583(e):

[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

The government in opposing the motion relies on United States v. Laine, 404 F.App'x 571 (3d Cir. 2010), which states that "early termination of supervised release

under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." 404 F. App'x at 573-74. "Compliance with the conditions of supervised release are expected and not exceptional." Id. at 574. Defendant argued in reply that the language in Laine requiring exceptional or extraordinary circumstances is not the controlling standard for evaluating motions for early termination of supervised release. (ECF No. 1488 ¶ 3.)

Defendant argues that the "exceptional or extraordinary" language in Laine is not based upon the controlling statute, 18 U.S.C. § 3583(e)(1), but upon United States v. Lussier, 104 F.3d 32 (2d Cir. 1997), which was not an early termination case. (ECF No. 1488 ¶¶ 5-8.) After failing to raise the issue on direct appeal, the defendant in Lussier moved to amend his restitution under 18 U.S .C. § 3583(e)(2) because payment of restitution was made a condition of his supervised release. Lussier, 104 F.3d at 33. The district court dismissed the motion for lack of jurisdiction, and the United States Court of Appeals for the Second Circuit affirmed. Id. The Second Circuit Court of Appeals, in discussing the district court's authority under § 3583(e), commented:

> Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

Id. at 36. According to defendant, the Second Circuit Court of Appeals did not "set out to establish a definitive standard for determining when the conduct of a defendant or interests of justice supported early termination," and the reliance of the Third Circuit Court of Appeals upon this dicta from Lussier is mistaken. (ECF No. 1488 ¶ 8.)

In Laine, the court of appeals summarily affirmed the district court because the

3

defendant waived his appellate rights as a condition of his plea agreement. Laine, 404 F. App'x at 572. The court held that enforcing the waiver would not be a "miscarriage of justice" because Laine's compliance with his conditions of release was not exceptional or extraordinary. Id. at 573.

At most, defendant argues, "extraordinary circumstances" is a permissive basis for deciding a motion for early termination, not a controlling standard. (ECF No. 1488 ¶¶ 11-13); see United States v. Kay, 283 F. App'x 994 (3d Cir. 2008) ("We need not determine in this case whether [the 'significantly changed or extraordinary circumstances' standard from Lussier] is a controlling standard, because it is clear on the present record that the District Court did not abuse its discretion in looking for changed circumstances ...."). Defendant asserts that the only controlling standard is the one set forth in the statute: whether the court is satisfied, after considering the § 3553(a) factors, that early termination is warranted by the conduct of the defendant and the interests of justice.

Laine, as an unpublished decision, is not binding precedent. See 3d Cir. I.O.P. 5.7 (2010) ("The court by tradition does not cite to its not precedential opinions as authority. Such opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing."); In re Grand Jury Investigation, 445 F.3d 266, 276 (3d Cir. 2006) (*"A fortiori,* [not precedential opinions] are not precedents for the district courts of this circuit."). Not precedential opinions are, however, "strongly persuasive authority" for district courts. United States v. Barney, 792 F. Supp. 2d 725, 729 (D. N.J. 2011).

The court finds, in accord with Laine and numerous decisions in this district, that early termination of supervised release *generally* should not be granted absent

exceptional or extraordinary circumstances. See, e.g., United States v. Cotter, Crim. No. 09–190, 2014 WL 1653106, at *1 (W.D. Pa. Apr. 23, 2014); United States v. Sporrer, Crim. No. 09–311, 2014 WL 580919, at *1 (W.D. Pa. Feb.13, 2014); United States v. Jaime, Crim. No. 05–34, 2013 WL 4434909, at *1 (W.D. Pa. Aug.16, 2013). The court does not hold that "exceptional or extraordinary circumstances" is a "controlling standard," see Kay, 283 F. App'x at 946, or that such circumstances are required in every case, see Laine, 404 F. App'x at 573–74 (*"Generally* ... early termination of supervised release ... should occur only when ... something exceptional or extraordinary warrants it." (emphasis added) (citation omitted)). The court must still consider the applicable § 3553(a) factors. Ordinarily, however, the § 3553(a) factors and the interest of justice do not support early termination unless the defendant's conduct and circumstances are exceptional. See United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, *the exception would swallow the rule."* (emphasis added)).

### III.   ANALYSIS

The court first will consider the pertinent factors set forth in § 3553(a) as instructed in 18 U.S.C. § 3583(e)(1), and then determine whether early termination of defendant's supervised release is warranted by his conduct and in the interest of justice.

#### A.  § 3553(a) Factors

##### i. *The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1).*

Miles was convicted of a serious offense involving the distribution of large amounts of cocaine, methamphetamine, and heroin, which have a devastating impact on

5

the community. He has a lengthy history of escalating offenses, and his criminal history category is IV. Miles is commended for maintaining honest employment, providing for his family, and contributing to society in a productive manner. This factor nevertheless weighs against early termination of supervision, even though he has complied with the conditions of supervised release.

> ii. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner§§ 3553(a)(2)(B)-(D).*

Miles' involvement in an extensive drug trafficking conspiracy was dangerous to the community. The continuation of supervision affords deterrence to future criminal conduct and protects the public from further crimes by defendant. This factor weighs against an early termination of supervised release.

> iii. *The sentencing range established by the Sentencing Commission, § 3553(a)(4).*

As set forth on the record at the sentencing hearing, Miles was sentenced to a significant downward departure. Miles served his term of imprisonment. He has more than 1 year left on his term of supervision. The court determines that this factor weighs against early termination of his supervised release.

> iv. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

The court considered the applicable policy statement before imposing Miles' sentence.

> v. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

There is no evidence of a need for early termination of Miles' supervised release to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  The court notes that the term of supervised release imposed reflects a significant downward departure.  Generally, the full term of supervision is fulfilled because "simple compliance with the conditions of supervised release are expected." Laine, 404 F. App'x at 574.

> vi. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

Restitution is not at issue in this case.

### B.  Whether early termination is warranted and in the interest of justice

In support of his motion, Miles asserts that he has been a model citizen while on supervision.   While admirable, compliance with the conditions of supervision is required and is not extraordinary.  United States v. Medina, 17 F.Supp.2d 245, 247 (S.D. N.Y. 1998) (if mere compliance with the required conditions of supervision were sufficient to warrant early termination and was in the interest of justice, this justification would "swallow the rule."). Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.  At least, something more than refraining from violations, even if not extraordinary or exceptional, should be required for the court to grant an early termination of supervised release. If there are particular conditions of supervision that impact Miles' ability to perform specific tasks, the proper remedy is to ask the probation officer and the court to modify

those conditions.  The early termination of supervision in its entirety is not warranted.

Considering the relevant factors, and the basis urged for early termination of supervision, the court finds that early termination is not warranted and is not in the interest of justice in this case.  The court commends Miles' compliance with the conditions of his supervised release and his continued employment.  Although laudable, these actions are expected and indeed required on supervised release.  Miles faces a minimal burden to complete the remaining term of supervised release to which he was sentenced.  The court is constrained to deny the motion. This denial is without prejudice.

IV. **CONCLUSION**

Based upon the foregoing, the court will deny without prejudice the motion for early termination of supervised release (ECF No. 1483). If circumstances change and there is a basis for early termination of the term of supervised release, Miles may renew this motion.

An appropriate order follows.

Dated: August 20, 2020                             BY THE COURT:

                                                   /s/ Joy Flowers Conti
                                                   Joy Flowers Conti
                                                   Senior United States District Judge